LOUIS STAVE ET AL., PLAINTIFFS-APPELLANTS, v. SAMUEL A. NESBIT ET AL., DEFENDANTS-APPELLEES.

Submitted June 6, 1924—Decided October 1, 1924.

Contracts—Leases of Apartments—Including Coal—Judge's Charge Misstated Evidence on Material Fact—New Trial Ordered.

On appeal from the District Court of the city of Paterson.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellants, *Abram I. Bluestein* and *William V. Rosenkrans.*

For the appellees, *Michael J. Murphy* and *Michael Dunn.*

PER CURIAM.

This is an appeal from a judgment entered upon the verdict of a jury in favor of the defendants in the District Court.

The action was brought to recover one-third of the cost of coal used to heat a three-family house owned by the plaintiffs in Paterson in which the defendants were tenants of one of the apartments.

The plaintiffs averred, and their testimony tended to show. that the defendants contracted to pay $50 a month and one-third of the coal bill. The defendants (husband and wife) insisted at the trial that the contract of letting did not include payment for any coal, and this was the meritorious question to which the testimony was directed.

At the trial both defendants testified that the oral contract was made upon their part by one of the defendants (the wife) alone, and that the husband, the other defendant, was not present at the time, the husband testifying that he had no knowledge "what the agreement was, except what my wife told me."

In this situation the trial judge in his charge called attention to the testimony of the plaintiffs, to the effect that the contract provided for the payment for the coal. He then further charged that "the defendants meet that testimony by a denial of the alleged agreement. * * * The defendants themselves both say there was no mention made about it (the coal bill) at the time they leased the premises."

This instruction was, in effect, that both defendants had sworn that the contract did not include payment for the coal, when, in fact, only one defendant had so testified. It was therefore a misstatement of the evidence on a material fact. It was probably misleading to the jury and was prejudicial to the plaintiffs. It was definitely excepted to and was not thereafter corrected, and hence was an error requiring reversal.

We reach this conclusion without hesitation, for the reason that our examination of the charge leads us to the conclusion that it contained other inadvertent but material misstatements of the evidence prejudicial to the plaintiffs, which it would serve no useful purpose to dwell upon.

The judgment will be reversed and a *venire de novo* awarded.